# Herron *v.* Henry, Appellant.

*Contracts—Assumpsit—Set-off—Award of arbitrators—Fraud in procuring award—Immaterial evidence.*

In an action of assumpsit for goods sold and delivered, defendant sought to set-off a sum which had been awarded him in another dispute with plaintiff, by a board of arbitrators selected under the rules of a grain and flour exchange to which both parties had subscribed.  It appeared that the award had been reversed by a committee having authority to hear and determine appeals from the board of arbitrators.  Defendant offered evidence that plaintiff had been expelled from the exchange by the board of managers for fraud and collusion in securing the reversal of the award. It was admitted by defendant that the board of managers had no authority to interfere with the decisions of the committee which had reversed the award.  The court excluded the evidence as incompetent to show that the reversal of the award had been obtained by collusion and fraud, and directed a verdict for plaintiff upon which judgment was entered.  *Held,* no error.

Argued Oct. 24, 1913.  Appeal, No. 121, Oct. T., 1913, by defendant, from judgment of C. P. Allegheny Co., June T., 1892, No. 597, on directed verdict for plaintiff in case of M. F. Herron, Impleaded with and Surviving James Herron, since deceased, Partners as M. F. Herron & Company, v. William Henry, Impleaded with John McCance, since deceased, Partners as Henry & McCance. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ.  Affirmed.

Assumpsit for goods sold and delivered.

The facts appear by the opinion of the Supreme Court and by the following opinion of EVANS, J., sur defendant's motion for a new trial:

The plaintiff brought suit on a book account which the defendant in his affidavit of defense admitted to be correct, alleging a counter claim for damages arising out of a breach of contract. In a supplemental affidavit of defense the defendant alleged that the plaintiff and the defendant were members of the Pittsburgh Grain and Flour Exchange, one of the rules of which provided for an arbitration of all matters arising between members of the corporation, that the claim of the defendants, Henry & McCance, against the plaintiff for damages had been submitted to the Arbitration Committee of the Grain and Flour Exchange and their damages liquidated at $853.12, the exact amount the plaintiffs claim.

Plaintiff offered its affidavit in evidence and rested. The defendant offered in evidence the submission by the plaintiff and the defendant and the award of the arbitrators, but in connection with that offer it was developed that the rules of the Grain and Flour Exchange provided for an appeal to the general committee from the award of the Arbitration Committee, and that appeal had been taken and the award reversed and the latter proceedings were offered in evidence. The defendant then offered a resolution of the board of managers of the Grain and Flour Exchange citing M. F. Herron, one of the members of the plaintiff firm, to appear before the board and answer charges of misconduct in connection with the proceedings before the general committee on the appeal of his case with Henry & McCance, and a subsequent trial of M. F. Herron and his conviction by the board of managers on the charges, and also offered in evidence what purported to be a copy of the testimony taken on the hearing before the board of managers. On objection, this testimony was all ruled out. It will be observed that there was no purpose on the part of the defendant to offer evidence that the Grain and Flour Exchange or anybody connected therewith had set aside the award given by the general committee on the appeal from the Arbitration Committee. While

it is not a part of the testimony offered, it is a fact and admitted by counsel for defendant, that by resolution properly adopted, the board of managers of the Grain and Flour Exchange denied any power in themselves to interfere in any way with the award of the general committee. The allegation of the defendant is that the award on the appeal was obtained by collusion on the part of M. F. Herron & Co., and the arbitrators. Now that is a good defense to an award if properly proven, and defendant was offered every opportunity to present any evidence which the court considered competent to substantiate that proposition; but the proceedings before the board of managers of the Grain and Flour Exchange and the judgment of that body that M. F. Herron had been guilty of some misconduct during the trial of his case before the board of arbitrators is not, in our judgment, competent testimony to sustain the allegation that an award of the arbitrators was obtained by collusion and fraud. That is the only question in this case. The motion for a new trial is refused.

The court directed a verdict for plaintiff for the amount of his claim, $1,986.91, and judgment was entered on the verdict. Defendant appealed.

*Errors assigned* were in excluding evidence that plaintiff had been convicted of misconduct in securing the reversal of the award by the board of managers of the Grain and Flour Exchange.

*Morton Hunter*, for appellant.

*Benjamin M. Price*, with him *Thos. C. Lazear, Jesse T. Lazear* and *H. V. Blaxter*, of *Lazear & Blaxter*, for appellee.

PER CURIAM, November 7, 1913:

As a defense to the claim of the plaintiff, the defendant relied at the trial of this case solely on an award

which had been made years before in his favor by a board
of arbitrators selected under the rules of the Grain and
Flour Exchange of Pittsburgh, to settle the dispute be-
tween him and the appellee; but that award on appeal
to the general committee of the exchange, taken under
its rules, was reversed, and was therefore unavailing to
the defendant in this proceeding, unless the action of the
general committee was vitiated by fraud.　With the ex-
clusion of the original award made in favor of the de-
fendant, the plaintiff was entitled to a verdict under the
pleadings, and that the said award was properly ex-
cluded clearly appears from the opinion of the court
below denying a motion for a new trial.　Nothing need
be added to it.　Judgment affirmed.